UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────

A.B. and S.V., individually and on behalf of G.B.

                                 Plaintiffs,                  Civ. No. 1:20-cv-3129

                                                               COMPLAINT

                        -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                 Defendant.

───────────────────────────────────────────

PRELIMINARY STATEMENT

1. This is an action alleging that Defendant, the New York City Department of Education and the Board of Education (collectively "Defendant"), violated Plaintiffs' rights under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq*., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 ("Section 504"), as well as New York State law.

JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' federal claims under the IDEA pursuant to 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C. § 1331, and for the award of reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367.

3. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to adjudicate any state claims that arise out of the same facts as the federal claims asserted herein.

4. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Defendant is situated and/or resides.

5. This Court has jurisdiction under 28 U.S.C. § 1331 in that claims are asserted under the laws of the United States; under 28 U.S.C. § 1343(a) in that claims are asserted under laws providing for protection of civil rights; and under 20 U.S.C. § 1415, 42 U.S.C. § 1983, and 29 U.S.C. § 794, *et. seq*.

6. If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(j)(3)(B) *et. seq*.

## PARTIES

7. Plaintiffs, A.B. and S.V., are the parents and natural guardians of G.B., a twenty-year-old girl who has been diagnosed with, *inter alia*, FOXP1 gene mutation, a genetic disorder.[1]

8. A.B., S.V., and G.B. are residents of New York, New York.

9. Plaintiff G.B. is a student with a disability who is eligible for a Free Appropriate Public Education ("FAPE") pursuant to the Individuals with Disabilities Education Act[2] ("the IDEA").

10. G.B. is a qualified individual with a disability who is eligible for a FAPE under Section 504 of the Americans with Disabilities Act ("ADA") and is protected from discrimination based upon his disability.

---

[1] Initials are used throughout this complaint in accordance with the IDEA, the Family Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the Electronic Case Filing Rules & Instructions of the Southern District of New York 21.3.

[2] The IDEA was reauthorized in 2007 as the Individuals with Disabilities Education Improvement Act; however, the statute is still commonly referred to as the "IDEA."

11. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law.

12. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") is a corporate body, created by Article 52 of the New York State Education Law, CLS Educ. Law § 2550 *et seq.*, that manages and controls the public school system of the City of New York and is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law. *See* 20 U.S.C. § 1415(a); N.Y. Educ. Law § 2590.

13. Upon information and belief, the DOE receives funding pursuant to the IDEA, and therefore must comply with that statute's provisions, including providing a FAPE to all students with educationally handicapping conditions, including G.B., who reside within New York City. *See* 20 U.S.C. § 1412.

14. Upon information and belief, the DOE's principal place of business is 52 Chambers Street, New York, New York 10007.

15. Upon information and belief, the DOE is charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980).

## LEGAL FRAMEWORK

16. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a) (1).

17. Not only children with disabilities have legal rights under IDEA; their parents are also entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 1996 (2007).

18. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

19. Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

20. The IDEA sets forth detailed requirements for hearing procedures. *See* 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511–516.35. In New York City, the DOE is responsible for ensuring that impartial hearings comport with the IDEA's requirements.

21. Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of [IDEA]." 20 U.S.C. § 1403(a). Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. § 1403(b).

22. One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

23. In New York, the primary means for initiating a special education dispute is the filing of a written "request for an impartial due process hearing" with the DOE's Impartial Hearing Office. 8 NYCRR § 200.5(j). *See also* NYSED, Special Education, http://www.p12.nysed.gov/specialed/lawsregs/home.html (last updated July 19, 2019).

24. The written request shall include "the name of the student, the address of the residence of the student . . . the name of the school the student is attending, a description of the nature of the problem of the student relating to such proposed or refused initiation or charge, including facts relating to such problem, and a proposed resolution of the problem to the extent known and available to the party at the time." 8 NYCRR § 200.5(j)(1)(i)(i)–(v).

25. The respondent named in the Due Process Notice must be given notice of the request by the filing party. 8 NYCRR § 200.5(i)–(j). Upon receipt of the parent's due process complaint notice . . . the board of education shall arrange for an impartial due process hearing to be conducted.

26. Upon the issuance of a final decision and order, parties have forty calendar days to appeal the final order and decision ("FOFD") from the date the Impartial Hearing Officer issues the FOFD. N.Y. Educ. Law § 4404; 8 NYCRR § 279.4(a); *see also* N.Y. State Education Department, *How to Give Notice of Appeal*, OFFICE OF STATE REVIEW, https://www.sro.nysed.gov/book/how-give-notice-appeal (last visited April 20, 2020).

27. Upon the expiration of the forty days, the FOFD becomes an unappealed decision and is then final and non-appealable.

28. Upon information and belief, the DOE's Impartial Hearing Order Implementation Unit is charged with timely complying with the FOFD.

29. In subsequent school years, a student may invoke pendency entitlements in a due process complaint for that subsequent school year. 20 U.S.C. §1415(j).

30. Under IDEA, a student's "stay put" program (also known as "pendency")[3] is an automatic and unconditional right. 20 U.S.C. § 1415(j).

31. The DOE requires that students' pendency entitlements must first pass an additional threshold by requiring students' advocates to secure an Order of Pendency ("OP" also known as an Interim Order on Pendency or "IO") before it will honor a student's automatic and unconditional right to pendency. This is true even when the DOE does not contest the pendency program that was invoked.

32. Upon information and belief, the DOE is the only school district in New York that forces students and their advocates to seek an OP from an impartial hearing officer even when it does not contest the pendency invoked in the due process complaint.

33. Pendency is retroactive to the date of the filing of the due process complaint. *See Mackey v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir. 2004).

34. Plaintiffs, as the substantially prevailing party, may recover reasonable attorneys' fees from Defendant pursuant to the fee-shifting provisions of IDEA and, in particular, 20 U.S.C. § 1415.

35. This action follows a trial that resulted in an impartial hearing officer's decision, on the merits, in *Plaintiffs'* favor that also established Plaintiffs' status as a substantially prevailing party for purposes of IDEA's fee-shifting provisions and upon the filing of a due process complaint for the 2019-2020 school year, wherein G.B.'s pendency entitlements were invoked.

---

[3] The terms "stay put" and "pendency" are used interchangeably throughout this Complaint.

36. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that plaintiffs may be awarded in this fee application action and in the underlying administrative proceedings, as a prevailing party in impartial hearing case number 175772 pursuant to the express fee-shifting provisions of the federal IDEA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G).

## FACTS

### 2018-2019 School Year—Impartial Hearing Case # 175772

37. Plaintiffs filed a due process complaint on August 22, 2018, alleging a denial of FAPE for the 2018-2019 school year.

38. The due process complaint was processed as case number 175772.

39. A pre-hearing conference was held on September 28, 2018.

40. Substantive hearings in this matter were held on three separate days: October 9, 2018, November 5, 2018, and November 13, 2018.

41. Plaintiffs introduced twenty-six documents into evidence.

42. Defendant entered zero documents into evidence.

43. Plaintiffs called three witnesses for their case in chief.

44. Defendant called no witnesses.

45. On February 10, 2019, the impartial hearing officer issued the 13 page FOFD in Plaintiffs' favor.

46. Specifically, the impartial hearing officer ordered the following:

> **IT IS HEREBY ORDERED** that the New York City Department of Education is directed to reimburse the Parents for the cost of the Student's 2017-2018 twelve month residential placement at the King's Daughter's School, in an amount not to exceed $65,100.00, within thirty (30) days of the submission of proof of payment; and it is further
> **ORDERED** that the New York City Department of Education is directed to reimburse the Parents for the cost of the Student's 2018-2019 twelve month

> residential placement at the King's Daughter's School, in an amount not to exceed $65,760.00, within thirty (30) days of the submission of proof of payment; and it is further
> **ORDERED** the New York City Department of Education is directed to reimburse the Parents for the cost of transporting the Student to and from the King's Daughter's School at the beginning and end of the 2017-2018 and 2018-2019 school years, and for the cost of four additional trips each school year to either visit her or take her home during school breaks, with reimbursement to be made to the Parents within thirty (30) days of the submission of proof of payment; and it is further
> **ORDERED** that the reimbursable costs of each trip shall include all transportation expenses and one over-night hotel stay per trip.

47. DOE did not appeal the FOFD and it is now final and non-appealable.

48. Plaintiffs are therefore the prevailing party and are entitled to reimbursement as ordered.

49. Plaintiffs are therefore the prevailing party and are entitled to their reasonable attorneys' fees and costs.

50. This action is timely brought to enforce the FOFD.

51. This action is timely brought to recover attorneys' fees.

52. Under the fee-shifting provisions of the IDEA statute, plaintiffs should be awarded their reasonable attorneys' fees and other recoverable costs at the impartial hearing level and in their efforts to enforce the Order and this herein action in a total amount to be determined by this Court.

53. Despite many requests made to DOE's Impartial Hearing Office Implementation Unit, the DOE has not complied with any part of the February 10, 2019 FOFD or funded any attorneys' fees.

### 2019-2020 School Year—Impartial Hearing Case # 183931

54. On June 28, 2019, Plaintiffs filed a due process complaint alleging a denial of FAPE for the 2019-2020 school year and invoking G.B.'s pendency entitlements.

55. The due process complaint was processed as case number 183931.

56. On August 21, 2019, a pendency hearing took place.

57. Plaintiffs offered two documents as evidence of G.B.'s pendency entitlements.

58. DOE did not object to or contest G.B.'s pendency position.

59. On August 22, 2019, Plaintiffs received an Order on Pendency, dated August 22, 2019, which ordered the following:

> **ORDERED**
> That Department of Education shall continue to provide the following:
> (a) reimbursement of tuition at the King's Daughter School;
> (b) reimbursement of the cost incurred of transporting the student to and from the King's Daughter's School at the beginning and end of the school year;
> (c) Reimbursement for the cost of four additional trips each school year to either visit student or take the student home during school breaks; and
> (d) that the reimbursable costs of each trip shall include all transportation expenses and one over-night hotel stay per trip during for the 2019-2020 school year until a final Decision and Order is issued in this matter-retroactive to the filing of the DPC.

60. The DOE did not appeal the pendency order.

61. As of the date of this Complaint, DOE has failed to comply with the pendency order and has not made any payments as ordered.

62. The 2019-2020 school year case is still pending in the impartial hearing office.

## CAUSES OF ACTION

FIRST CAUSE OF ACTION
THE IDEA—2018-2019 School Year—Failure to Comply With the FOFD

69. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

70. Defendant has failed to implement fully the February 10, 2019 FOFD.

## SECOND CAUSE OF ACTION
### THE IDEA—2019-2020 School Year Pendency Entitlement

69. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

70. Defendant has repeatedly failed to implement G.B.'s stay put rights under the IDEA.

71. Defendant has repeatedly failed to comply with the IDEA's procedural requirements, including its mandate to provide G.B. with her stay put entitlements.

72. Defendant denied Plaintiffs their stay put rights under the IDEA, and this is prejudicial to G.B. and jeopardizing her school program and placement.

## THIRD CAUSE OF ACTION
### ATTORNEYS' FEES

73. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

74. Defendant has not paid any attorneys' fees or costs to Plaintiffs incurred for the 2018-2019 school year action.

75. Plaintiffs are the substantially prevailing party and are entitled to an award of costs and reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(3)(A)-(G).

76. Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in connection with the actions concerning the 2019-2020 school year.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court:

i. Assume jurisdiction over this action;

ii. Issue a declaratory judgment that Defendant has violated Plaintiffs' rights as alleged

    herein;

iii.    Issue a TRO and preliminary injunction directing Defendant to immediately implement the FOFD dated 02/10/2019 in its entirety;

iv.    Issue a TRO and preliminary injunction directing Defendant to immediately implement G.B.'s stay put rights as per the 08/22/2019 order by, *inter alia,* immediately funding the King's Daughter School and related travel expenses;

v.    Issue a preliminary and permanent injunction directing Defendant:

    (a) to implement the decisions and orders in Plaintiffs' favor; and

    (b) award additional equitable relief to remedy the failure to implement the decisions and G.B.'s stay put services.

vi.    Award Plaintiffs reasonable attorneys' fees and costs in accordance with Plaintiffs' status as the prevailing party in the hearing, and the work implementing the decisions;

vii.    Award Plaintiffs' reasonable attorneys' fees and costs incurred in connection with this action;

viii.    Award such other, and further, relief as to the Court may seem just and proper.

Dated: April 20, 2020
      NEW YORK, NEW YORK

                              Respectfully submitted,
                              SPENCER WALSH LAW, PLLC

                              /s/ Tracey Spencer Walsh
                              Tracey Spencer Walsh
                              Spencer Walsh Law, PLLC
                              625 W. 57th Street, Suite 1810
                              New York, New York 10019

Tel. 212-401-1959

Email: tracey@spencerwalshlaw.com

**Temporary Mailing Address:**

SPENCER WALSH LAW, PLLC

c/o Sonali Sanyal, Paralegal

36 Western Drive

Ardsley, NY, 10502