UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2021

A.B. et al.,

                                       **Plaintiffs,**

-against-

New York City Department Of Education,

                                       **Defendant.**

1:20-cv-03129 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Pending before the Court is a motion by Plaintiffs, pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), for attorneys' fees for work performed by attorneys, paralegals and a law clerk employed by Spencer Walsh Law ("SWL"). (Pls.' Not of Mot., ECF No. 30.) Defendant, the New York City Department of Education ("Defendant" or "DOE") opposes the motion, asserting (among other things) that the hourly rates sought and number of hours expended are excessive and unreasonable. For the reasons set forth below, the Court awards to Plaintiffs attorneys' fees in the amount of $34,988.65.

**BACKGROUND**

Plaintiffs, A.B. and S.V., are the parents and natural guardians of G.B., a twenty-year-old girl who has been diagnosed with, *inter alia*, FOXP1 gene mutation, a genetic disorder. (Compl., ECF No. 1, ¶ 7.) On August 22, 2018, SWL requested a due process hearing on behalf of Plaintiffs, alleging that G.B. was denied a Free Appropriate Public Education ("FAPE"), pursuant to the IDEA. (*See* Compl. ¶ 37; 8/22/18 Demand, ECF No. 37-5.) The case was assigned Impartial Hearing Office Case Number 175772. (*See* Compl. ¶ 38.) A pre-hearing conference was held on September 28,

2018.[1] (*See id.* ¶ 39.) A hearing was held on November 13, 2018. (11/13/18 Tr., ECF No. 37-6.) The hearing lasted from 9:34 a.m. until 1:53 p.m. (*See id.* at PDF pp. 1, 154.) Tracey Spencer Walsh of SWL appeared for Plaintiffs and introduced testimony from three witnesses, as well as 26 exhibits. (*See id.* at PDF pp. 1-4.) Counsel for the DOE appeared at the hearing, and cross-examined witnesses, but did not offer any affirmative evidence. (*See id.* at PDF pp. 1-2, 5-6.) On February 10, 2019, the impartial hearing officer ("IHO") issued a Finding of Facts and Decision ("FOFD") in Plaintiffs' favor. (*See* 2/10/19 FOFD, ECF No. 37-7.) The IHO granted Plaintiffs' demands for tuition reimbursement and transportation costs. (*Id.* at 10.) The DOE had 40 days from the date of the FOFD to appeal to the New York State Review Office. (*See* Spencer Walsh Aff., ECF No. 31, Timeline at p. 5; Pls.' Mem., ECF No. 33, at 7.) The DOE did not appeal and, thus, the FOFD became final on March 22, 2019. (*See* Spencer Walsh Aff., Timeline at p. 5.)

On May 30, 2019, SWL sent its submission to the DOE to obtain reimbursement in accordance with the FOFD. (*See* Spencer Walsh Aff., Timeline at p. 5.) On October 24, 2019, the DOE partially reimbursed Plaintiffs (in the sum of $125,050.00) for amounts due under the FOFD for the 2017-2018 and 2018-2019 school years. (*See id.* at p. 7.)

On April 20, 2020, Plaintiffs commenced this action seeking, among other things, full payment of the reimbursement amounts due under the FOFD, plus attorneys' fees and costs. (*See* Compl.) On June 1, 2020, Defendant fully reimbursed the balance owed to Plaintiffs (in the sum of $5,303.55) under the FOFD for the 2017-2018 and 2018-2019 school years. (*See* Spencer Walsh Aff., Timeline at p. 7.) During the period October to December 2020, the parties sought to

---

[1] Additional pre-hearing conferences were held on October 9, 2018 and November 5, 2018, but were relatively brief. (*See* SWL Initial Timesheets, ECF No. 33-15, at 7, 10.)

resolve the issue of the amount of attorneys' fees and costs to be paid by the DOE to Plaintiffs, but were unable to do so.[2] (*See id*.) The motion that is now before the Court followed.[3]

## DISCUSSION

### I. Applicable Law

The IDEA grants district courts the discretion to award "reasonable attorneys' fees" and costs to a "prevailing party." 20 U.S.C. § 1415(i)(3)(B)(I). The IDEA fee-shifting provisions are interpreted in the same manner as other civil rights fee-shifting statutes. *See A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 73 (2d Cir. 2005).

In determining whether to award attorneys' fees under a federal fee-shifting statute such as the IDEA, a court must undertake a two-pronged inquiry. The court "must first determine whether the party seeking the award is in fact a prevailing party." *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006). "If the party is a prevailing party, the court must then determine whether, under the appropriate standard, that party should be awarded attorney's fees." *Id*.

A District Court may award attorneys' fees if they are "reasonable" and "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)-(C); *see also A.R.*, 407 F.3d at 79. To determine the amount of a prevailing party's fee award, a court calculates a "presumptively

---

[2] With the parties' written consent, I presided over a settlement conference on December 1, 2020 that was unsuccessful.

[3] On January 15, 2021, Plaintiffs filed a motion seeking oral argument, in which they stated that oral argument "may assist the Court in assessing the merits of Plaintiffs' arguments that Plaintiffs attorneys' fees and costs should be paid in full, and may ensure that the Court has all the necessary information before it to rule on the Motion for Attorneys' Fees." (Pls.' 1/15/21 Mot., ECF No. 34, at 1.) The Court finds that it has all the information it needs to assess the merits of the parties' arguments regarding attorneys' fees and thus DENIES Plaintiffs' motion for oral argument.

3

reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. New York State Office of Mental Health, Central New York Psychiatric Center*, 652 F.3d 277, 289 (2d Cir. 2011) (internal citation omitted).

The DOE does not dispute that Plaintiffs are "prevailing part[ies]" entitled to recover reasonable fees and costs under 20 U.S.C. § 1415(i)(3)(B) for the 2017-2018 and 2018-2019 school years. (*See* Def.'s Mem., ECF No. 40, at 2, 23.) Accordingly, the Court turns to an analysis of the presumptively reasonable fee for Plaintiffs' counsel.[4]

## II. Analysis

### A. Hourly Rates

When determining a reasonable hourly rate for an attorney or paralegal, courts consider both the prevailing market rates for such legal services, as well as the case-specific factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar

---

[4] The Court respectfully declines Plaintiffs' invitation to "think again" and award Plaintiffs the full attorneys' fees they seek due to DOE's conduct in this and other cases. (*See* Pls.' Reply at 2-3.) Rather, the Court shall apply the established law regarding the reasonable fees to be awarded.

cases." *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 428 (S.D.N.Y. 2012) (citation omitted). A court does not need to make specific findings as to each factor as long as it considers all of them when setting the fee award. *See E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11-CV-05243 (GBD) (FM), 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014) (citations omitted); *see also Lochren v. Cty. of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009) ("*Arbor Hill* did not hold that district courts must recite and make separate findings as to all twelve *Johnson* factors.").

Defendant objects to the hourly rates sought by Plaintiffs' counsel and seeks to reduce them based upon the *Johnson* factors. (*See* Def.'s Mem. at 5-17.) The Court below considers the hourly rates for each of Plaintiffs' timekeepers.

### 1. Tracey Walsh ("Walsh")

Walsh was lead counsel in the administrative proceeding and is lead counsel in this action. (*See* Pls.' Reply, ECF No. 45, at 1 n.1.) She assumed primary responsibility for the matter and billed the bulk of the attorney hours. (*See id.*) Walsh was admitted to practice in the State of New York in 1995 and has practiced litigation since that time. (*See* Walsh Resume, ECF No. 33-10.)[5] In 2008, she began practicing in the area of special education law. (*See id.*) In 2015, Walsh founded SWL, which "is dedicated exclusively to representing parents of children with special needs." (Pl.'s Mem. at 13.) Plaintiffs seek a $595.00 hourly rate for Walsh for her time spent through December 2019 and a $695.00 hourly rate thereafter. (*See* Pl.'s Mem. at 17.) Plaintiffs also seeks a $347.50 hourly rate for Walsh's travel time. (*See* SWL Initial Timesheets at 11.) Defendant argues that Walsh should be awarded an hourly rate of $360.00 an hour. (*See* Def.'s Mem. at 10.)

---

[5] Walsh also is admitted to practice in the State of Connecticut. (*See* Walsh Resume at 1.)

In September 2015, in the Eastern District of New York, Walsh was "award[ed] a rate of $375 an hour, which [was] a rate in line with rates awarded in [that] district." *S.A. ex rel. M.A.K. v. New York City Dep't of Educ.*, No. 12-CV-00435 (RMM) (MDG), 2015 WL 5579690, at *7 (E.D.N.Y. Sept. 22, 2015). In December 2015, in the District of Connecticut, Walsh was awarded an hourly rate of $350.00. *See Doe v. Darien Bd. of Educ.*, No. 11-CV-01581 (JBA), 2015 WL 8770003, at *5 (D. Conn. Dec. 14, 2015). As Judge Caproni noted in *R.G. v. N.Y.C. Dep't of Educ.*, No. 18-CV-06851 (VEC), 2019 WL 4735050 (S.D.N.Y. Sept. 26, 2019), "[t]he prevailing market rate for experienced, special-education attorneys in the New York area *circa* 2018 [was] between $350 and $475 per hour." *Id.* at *2 (citations omitted).

Having considered the parties' arguments, the evidentiary submissions and the *Johnson* factors, Walsh is awarded an hourly rate of $400.00. More than five years have elapsed since Walsh was awarded $375.00 an hour in the Eastern District of New York. *Accord Thomas v. City of New York*, No. 14-CV-07513 (ENV) (VMS), 2017 WL 6033532, at *5 (E.D.N.Y. Dec. 1, 2017) (increasing hourly rate of attorney by $25.00 six years after lower rate first approved in district).

Moreover, the prevailing market rate for experienced special education attorneys like Walsh surely has increased since *circa* 2018, the period relevant to Judge Caproni's decision in *R.G.* "[A]ccepting the obvious proposition that billing rates continue to increase over time," *Wise v. Kelly*, 620 F. Supp. 2d 435, 447 (S.D.N.Y. 2008),[6] the Court finds in its discretion that $400.00 is a reasonable hourly rate for Walsh in the circumstances of this case.

---

[6] *See also Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No. 10-CV-02262 (DRH) (AYS), 2019 WL 2870721, at *6 (E.D.N.Y. June 18, 2019), *report and recommendation adopted*, No. 10-CV-2262 (DRH), 2019 WL 2869150 (E.D.N.Y. July 3, 2019) ("[A]n hourly fee awarded in the past need not be 'frozen in time' as to require the same rate to apply over a period of several years.") (citing cases); *O.R. v.*

6

The DOE contends that it "presented little opposition to the relief sought in the [administrative] hearing." (Def.'s Mem. at 14.) However, the DOE did not concede all the issues presented to the IHO. Indeed, as Plaintiffs note, "[b]ut for Defendant's continued challenge to Plaintiffs' demand for educational funding, no administrative adjudication would have been necessary." (Pls.' Reply at 4 n.6.) Walsh was required to prepare for and present evidence at a lengthy hearing, thus warranting a higher rate than the $360.00 proposed by the DOE.[7] (*See* Pl.'s Mem. at 5-6.) On the other hand, the novelty and difficulty of the contested issues and the level of skill required does not seem to the Court to warrant an hourly rate at the high end of the prevailing market rate.

In addition, Walsh is awarded $200.00 per hour for her travel time. *See C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17-CV-07632 (PAE), 2018 WL 3769972, at *10 (S.D.N.Y. Aug. 9, 2018) ("Courts generally approve fees, at 50% of an attorney['s] usual rate, for reasonable travel conducted in service of ongoing litigation.").

### 2. Anna Belle Hoots ("Hoots")

Aside from Walsh, Hoots did the lion's share of the work in this action and had "responsibility of overseeing the greater part of [the] action." (Pls.' Mem. at 10; *see also* SWL Reply Timesheets, ECF No. 43-4, at 12.) Hoots graduated from Fordham University School of Law in May 2020 and was a law clerk at SWL when this action was commenced in April 2020. (*See*

---

*New York City Dep't of Educ.*, 340 F. Supp. 3d 357, 365 (S.D.N.Y. 2018) (applying inflation index from U.S. Department of Labor to set hourly rate).

[7] This case is materially different from *S.J. v. New York City Dep't of Educ.*, No. 20-CV-01922 (LGS) (SDA), 2020 WL 6151112, at *1 (S.D.N.Y. Oct. 20, 2020), *report and recommendation adopted as modified*, 2021 WL 100501 (S.D.N.Y. Jan. 12, 2021), where a $360.00 hourly rate was awarded to experienced special education lawyers. *Id*. at *4. In *S.J.*, the DOE did not appear or offer evidence at a brief hearing where only a single witness was presented. *Id*. at *1.

Hoots Resume, ECF No. 33-11; Pls.' Mem. at 10.) She was admitted to practice in the State of New York on February 8, 2021. (Pls.' Reply at 7 n.12.)

In Plaintiffs' motion, they sought an hourly rate to be awarded for Hoots of $175.00 up to May 29, 2020 and thereafter sought an hourly rate of $300.00. (*See* SWL Initial Timesheets at 15-24.) In their reply, Plaintiffs agreed to a "downward adjustment" to $175.00 an hour for Hoots up until February 8, 2021, when she was admitted to the New York Bar, and to $275.00 after that date. (Pls.' Reply at 7 n.12.) Defendant argues that Hoots should be awarded an hourly rate of only $100.00 per hour. (*See* Def.'s Mem. at 12.)

Having considered the parties' arguments, the evidentiary submissions and the *Johnson* factors, Hoots is awarded an hourly rate of $150.00 prior to February 8, 2021 and $175.00 thereafter. For her time spent prior to February 8, 2021, an hourly rate of $150.00 "is consistent with the hourly rate awarded by other courts in this district to law clerks or attorneys not yet admitted to the bar."[8] *See Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 659 (S.D.N.Y. 2019).

For the period of time on and after February 8, 2021, the Court notes that, for attorneys, like Hoots, "with three or fewer years of experience in [IDEA] litigation, courts in this District have

---

[8] The 2012 and 2013 decisions relied upon by Defendant in support of a $100.00 hourly rate for Hoots do not alter the Court's conclusions regarding the reasonable rates it awards above. (*See* Def.'s Mem. at 12.) In one of the decisions, *Kadden v. VisuaLex, LLC*, No. 11-CV-04892 (SAS), 2012 WL 6097656 (S.D.N.Y. Dec. 6, 2012), which was a Fair Labor Standards Act case, Judge Scheindlin stated that "Courts in this district have found that fees in the area of $80 to $150 are reasonable for law clerks." *Id*. at *2. It is not remarkable that this Court would award $150 per hour in 2021 for a law clerk in an IDEA case. The second decision, *Barile v. Allied Interstate, Inc.*, No. 12-CV-00916 (LAP) (DF), 2013 WL 795649 (S.D.N.Y. Jan. 30, 2013), *report and recommendation adopted*, 2013 WL 829189 (S.D.N.Y. Mar. 4, 2013), which relied upon and cited to *Kadden*, was a Fair Debt Collection Practices Act case, in which the court stated: "A law clerk should nevertheless be awarded slightly more than a paralegal." *Id*. at *6. As set forth below, the Court finds that an hourly rate of $125.00 is appropriate for the experienced paralegals in this case. Thus, the slightly higher $150.00 hourly rate for Hoots for the period of time that she was a law clerk is appropriate.

typically approved rates of $150-$275." *R.G.*, 2019 WL 4735050, at *3 (quotation omitted). Most of the substantive work done by Hoots after she became an attorney was on the reply memorandum in this case. Given the nature of that work, the Court finds that $175.00 is an appropriate hourly rate for the period on and after February 8, 2021.

### 3. Tracey Discepolo ("Discepolo")

Discepolo logged 3.94 hours in connection with the administrative proceeding in this case. (*See* Initial Timesheets at 3-7, 14.) Discepolo graduated law school in 2000, and worked at the American International Group ("AIG") from March 2013 to September 2017. (Discepolo Resume, ECF No. 43-1.)[9] During her tenure at AIG, she did pro bono work on special education cases. (*See id.*) After she left AIG, Discepolo worked at SWL in late 2017 and 2018. (*See id.*)

Plaintiffs seek to be awarded an hourly rate of $475.00 for Discepolo. (*See* Initial Timesheets at 14.) Defendants argue that Discepolo's hourly rate should be awarded no more than $200.00 per hour. (Def.'s Mem. at 11.)

Having considered the parties' arguments, the evidentiary submissions and the *Johnson* factors, Discepolo shall be awarded an hourly rate of $200.00, commensurate with the rate of a junior associate doing special education work. *See C.B. v. New York City Dep't of Educ.*, No. 18-CV-07337 (CM), 2019 WL 3162177, at *9 (S.D.N.Y. July 2, 2019) (junior associate awarded $200.00 per hour). Discepolo's pro bono work, while relevant, was not full-time work, as her resume reflects.

---

[9] The Court notes that Plaintiffs failed to submit Discepolo's resume as part of their initial motion (*see* Def.'s Mem. at 10-11), but later submitted it with their reply papers.

### 4. Jennifer Ratcliff ("Ratcliff")

Ratcliff logged 1.6 hours in connection with the administrative proceeding in this case. (*See* Initial Timesheets at 1-2, 14.) Ratcliff graduated law school in 2010 and commenced working in the field of special education law in 2011. (*See* Ratcliff Resume, ECF No. 43-1, at PDF p. 7.)[10] Plaintiffs seek to be awarded an hourly rate of $475.00 for Ratcliff. (*See* Initial Timesheets at 14.) Defendants argue that Ratcliff's hourly rate should be awarded no more than $200.00 per hour. (Def.'s Mem. at 11.)

Having considered the parties' arguments, the evidentiary submissions and the *Johnson* factors, Ratcliff shall be awarded an hourly rate of $280.00, commensurate with that of a mid-level associate doing special education work. *See M.D. v. New York City Dep't of Educ.*, No. 17-CV-02417 (JMF), 2018 WL 4386086, at *3 (S.D.N.Y. Sept. 14, 2018) ($280.00 hourly rate awarded for mid-level associates). At the time that Ratcliff did her work on this matter, which was in 2017, she had about six years' experience in special education work.

### 5. Lauren Druyan ("Druyan")

Druyan logged 1.18 hours in connection with the administrative proceeding in this case. (*See* Initial Timesheets at 4, 8, 10, 14.) She graduated from Brooklyn Law School in 2008 and worked for the DOE in the Special Education Litigation Unit from June 2012 to February 2016. (*See* Druyan Resume, ECF No. 33-14, at PDF p. 2.) Thereafter, she has worked in private practice in the special education area since March 2016, including at SWL since June 2018. (*See id*.) Plaintiffs seek to be awarded an hourly rate of $495.00 for Druyan. (*See* Initial Timesheets at 14.)

---

[10] The Court notes that Plaintiffs failed to submit Ratcliff's resume as part of their initial motion (*see* Def.'s Mem. at 10-11), but later submitted it with their reply papers.

Defendants argue that she should be awarded no more than $280.00 per hour. (Def.'s Mem. at 11.)

Having considered the parties' arguments, the evidentiary submissions and the *Johnson* factors, Druyan shall be awarded an hourly rate of $280.00, commensurate with the rate of a mid-level associate doing special education work. *See M.D.*, 2018 WL 4386086, at *3. At the time that Druyan did her work on this matter, which was in 2018, she had six years' experience in special education work.

### 6. Hermann Walz ("Walz")

Walz logged 2.84 hours in connection with the settlement conference in this action. (*See* SWL Reply Timesheets at 6-8, 12.) Walz is an experienced litigation attorney who was admitted to the New York bar in 1993. (Walz Resume I, ECF No. 33-14, at PDF p. 5; Walz Resume II, ECF No. 43-1.)[11] The version of his resume that was submitted with Plaintiffs' motion does not reflect that he has any experience in special education law or that he is affiliated in any way with SWL; rather, it states that he has his own firm, *i.e.*, the Law Office of Hermann P. Walz ("Walz Law Office"). (*See* Walz Resume I at PDF p. 3.) The version of his resume that was submitted with Plaintiffs' reply states that, since 2019, in addition to being employed by the Walz Law Office, Walz has worked as an "Associate Attorney" at SWL, engaged in special education law matters. (*See* Walz Resume II.) In Plaintiffs' reply, they state: "Walz handles SWL's federal settlement conferences, which accounts for his involvement in this case." (Pls.' Reply at 11 n. 19.) Plaintiffs seek an hourly rate for Walz of $575.00. (*See* SWL Initial Timesheets at 24; SWL Reply Timesheets at 12.)

---

[11] The version of the Walz resume that was included as part of Plaintiffs' motion (ECF No. 33-14) is cited herein as "Walz Resume I." The version of the Walz resume that was included as part of Plaintiffs' reply (ECF No. 43-1) is cited herein as "Walz Resume II."

Defendants argue that Walz should be awarded no more than $300.00 per hour. (*See* Def.'s Mem. at 12.)

Having considered the parties' arguments, the evidentiary submissions and the *Johnson* factors, Walz shall be awarded an hourly rate of $300.00, commensurate with the rate for an experienced litigation attorney with limited special education experience, as well as a limited role in the case. *See P.R. v. New York City Dep't of Educ.*, No. 17-CV-4887(LTS) (KNF), 2018 WL 4328012, at *10 (S.D.N.Y. July 19, 2018), *report and recommendation adopted,* 2018 WL 4301366 (S.D.N.Y. Sept. 10, 2018) (awarding $300.00 hourly rate to experienced litigator with limited role in case and minimal special education experience).

### 7.      **Christopher Barnett ("Barnett")**

Barnett logged less than an hour in connection with this action. (*See* SWL Reply Timesheet at 2-3, 12.) He graduated from Brooklyn Law School in 2005 and, after five years at the Queens County District Attorney's Office, he worked at the DOE. (Barnett Resume, ECF No. 33-14, at PDF p. 1.) He began working at SWL in November 2019. (*See id.*) Plaintiffs seek an hourly rate for Walz of $525.00 per hour for about 5 minutes of his time and a rate of $475.00 per hour for about 47 minutes of his time. (*See* SWL Reply Timesheet at 12.) Defendants argue that he, like Walz, should be awarded no more than $300.00 per hour. (*See* Def.'s Mem. at 11-12.)

Having considered the parties' arguments, the evidentiary submissions and the *Johnson* factors, Barnett shall be awarded an hourly rate of $300.00. The tasks he performed in this case were not significant enough to justify a higher rate.

**8.     Paralegals**

In Plaintiffs' motion, they seek to be awarded an hourly rate for one paralegal (*i.e.*, Caitriona Carey ("Carey")) of $150.00 and an hourly rate for the other paralegals[12] of $190.00. (*See* SWL Initial Timesheets at 14, 24.) In their reply, Plaintiffs agreed to a "downward adjustment" for paralegals other than Carey from $190 to $150. (*See* Pls.' Reply at 7 n.12.) Defendant argues that the paralegals should be awarded $100.00 per hour. (*See* Def.'s Mem. at 13.)

"Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District." *R.G.*, 2019 WL 4735050, at *3. "Paralegals with evidence of specialized qualifications typically receive $120- or $125-per-hour." *C.B*, 2019 WL 3162177, at *9 (citations omitted). "Where plaintiffs have failed to provide evidence showing that a paralegal has special qualifications in the form of formal paralegal training, licenses, degrees, or certifications or longer paralegal experience, courts have typically awarded fees at the lower rate of $100-per-hour for that paralegal." *Id*. (internal quotation marks and citation omitted).

Plaintiffs submitted to the Court resumes for Camarena, Carey, Mannion and Sanyal, each of whom is listed in the timesheets for the administrative proceeding. (*See* Paralegal Resumes, ECF No. 33-12, at PDF pp. 1-5.) Based upon the experience of these paralegals, and after considering all the relevant factors, the Court awards an hourly rate of $125.00 for each of them.

---

[12] The paralegals for whom a $190.00 hourly rate is sought are Ashley Camarena ("Camarena"), Orla Mannion ("Mannion") and Sonali Sanyal ("Sanyal"). (*See* SWL Initial Timesheets at 14, 24; SWL Reply Timesheets at 12.)

The timesheets for the administrative proceeding also list 3.12 hours expended by an unnamed "Paralegal." (*See* SWL Initial Timesheets at 14.) Because the experience of that paralegal is not before the Court, the Court awards $100.00 per hour for that paralegal.[13] *See R.G.*, 2019 WL 4735050, at *3 ("When the fee-seeking party fails to explain what qualifications entitle the paralegal to a higher rate, a rate at the bottom of the range is warranted.").

### B. Hours Reasonably Expended

A fee award should compensate only those hours that were "reasonably expended" by the attorneys on this case. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA–ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006). "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (internal citation omitted). Whether a case was "particularly complicated" or involved any "significant" legal issues may be considered in determining the reasonable number of hours a case requires. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011). District Courts have "ample discretion" in assessing the "amount of work that was necessary to achieve the results in a particular case." *K.L. v. Warwick Valley Cent. Sch. Dist.*, No. 12-CV-06313 (DLC), 2013 WL 4766339, at *10 (S.D.N.Y. Sept. 5, 2013) (quoting *Ortiz v. Regan*, 980 F.2d 138, 141 (2d Cir. 1992)), *aff'd*, 584 F. App'x 17, 2014 WL 6652977 (2d Cir. 2014).

---

[13] The Court notes that a resume for a paralegal named Wendy Ahlstrand ("Ahlstrand") was submitted to the Court, even though her name does not appear in the timesheets. (*See* Paralegal Resumes at PDF pp. 6-7.) Even if Ahlstrand is the unnamed paralegal in the timesheets, the Court would not award an hourly rate for her higher than $100.00, since she has been working as a full-time paralegal for less than a year, and before that was part-time while she did other work. Her experience, in the Court's view, does not justify a higher rate.

14

"Ultimately, 'trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.'" *C.B.*, 2019 WL 3162177, at *5 (quoting *Fox v. Vice*, 563 U.S. 826, 838, (2011)). To calibrate an appropriate award, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983); *see also McDonald*, 450 F.3d at 96 ("[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.") (internal quotation marks and citation omitted).

The Court considers first the hours expended in connection with the administrative proceeding and then considers the hours expended in connection with this action.

### 1. Administrative Proceeding

Defendant objects to what it refers to as "[i]mproper staffing" in connection with the administrative proceeding, as well as purported unreasonable billing during the time prior to the filing of the Due Process Complaint ("DPC"). (*See* Def.'s Mem. at 18-19.) In making these objections, Defendant emphasized the hourly rates sought for the work done. (*See id.* at 18 (referring to four attorneys and "their nearly $500/hr. rate" and pre-DPC hours billed "at the rate of $595/hr.").) However, the hourly rates already have been adjusted downward by the Court, as reflected in Discussion Section II(A) above.

The Court finds no issue with respect to the number of SWL attorneys who worked on the administrative proceeding. As Plaintiffs note, "in a small law practice it can be necessary (and reasonable) to seek assistance with a case so that it is properly managed." (Pls.' Reply at 11.) Defendant also asserts that "some" of the hours "billed at attorneys' regular hourly rates" were

15

"purely administrative or clerical" (*see* Def.'s Mem. at 19), but fails to identify specific instances where this occurred, and the Court has found none.

The Court has reviewed the hours billed by Plaintiffs' counsel in connection with the administrative proceeding, including prior to the filing of the DPC. (*See* SWL Initial Timesheets at 1-14.) The Court finds that the hours billed by SWL's timekeepers in connection with the administrative proceeding were reasonable in the circumstances presented.

In addition, Defendant objects to the hours billed in connection with the administrative proceeding after March 8, 2019, arguing that the billing relates to the 2019-2020 administrative proceeding as to which Plaintiffs are not yet prevailing parties. (*See* Def.'s Mem. at 23.) Plaintiffs respond by stating that they are not seeking fees for work performed on the 2019-2020 administrative proceeding, but that the time billed after March 8, 2019 is "[p]ost-decision work by counsel that is reasonably related to implementing the relief obtained is clearly compensable under the IDEA." (Pls.' Reply at 13 (citation omitted).) The Court agrees with Plaintiffs and finds that the limited amount of time billed by Walsh and her paralegal staff after March 8, 2019 is reasonable and compensable. *See M.D.*, 2018 WL 4386086, at *5 ("Under the circumstances, it was reasonable for [the] limited amount of [post-decision] work to be conducted by attorneys and their paralegal staff. The Court therefore rejects the DOE's invitation to exclude all post-decision billing from Plaintiffs' request.").

After careful consideration of the record before the Court and applying the relevant legal standards, the Court awards attorneys' fees to Plaintiff's counsel for the administrative

proceeding, as set forth in the chart below.[14] In the Court's view, awarding the sum of $15,278.15 to Plaintiffs in connection with the administrative proceeding in this case achieves rough justice.

| Name | Hourly rate | Hours recoverable | Total |
|---|---|---|---|
| Walsh | $400 | 22.69 | $9,076.00 |
| Walsh (travel) | $200 | 1 | $200.00 |
| Discepolo | $200 | 3.94 | $788.00 |
| Ratcliff | $280 | 1.6 | $448.00 |
| Druyan | $280 | 1.18 | $330.40 |
| Named Paralegals | $125 | 32.99 | $4,123.75 |
| Unnamed Paralegal | $100 | 3.12 | $312.00 |
| **Total Fees** | | | **$15,278.15** |

### 2. Federal Court Litigation

The Court considers the legal fees in connection with this action in two segments, *i.e.*, the time spent prior to the preparation of Plaintiffs' motion for attorneys' fees[15] and the time spent thereafter.

#### a. Pre-12/10/20 Work

The Court has reviewed the hours billed by Plaintiffs' counsel in this action prior to December 10, 2020 (*see* SWL Reply Timesheets at 1-12), as well as Defendant's challenges. (*See* Def.'s Mem. at 19-21.) The Court finds that the hours billed by SWL's timekeepers in this time period were reasonable in the circumstances presented.

---

[14] The Court has made adjustments in hourly rates as set forth in Discussion Section II(A), *supra*. In addition, the Court is not awarding fees for paralegal hours as to which SWL was seeking no compensation. (*See* SWL Initial Timesheets at 14.) These hours reflect time that SWL appropriately chose not to bill.

[15] Plaintiffs' timesheets reflect that work on the motion for attorneys' fees commenced on December 10, 2020. (*See* SWL Initial Timesheets at 22; SWL Reply Timesheets at 8.)

Defendant objects that there were an "excessive" number of intra-office communications.[16] (*See* Def.'s Mem. at 20.) The practice of law is not a solitary endeavor. Attorneys, law clerks and paralegals practicing in law firms interact with one another to perform client work. Those interactions are essential to the proper representation of a client and are properly billed. The Court does not find the number of intra-office communications in this action to have been excessive.

After careful consideration of the record before the Court and applying the relevant legal standards, the Court awards attorneys' fees to Plaintiffs' counsel for the time spent in this action prior to December 10, 2020, as set forth in the chart below.[17] In the Court's view, awarding the sum of $7,556.25 to Plaintiffs in connection with the work on this action prior to December 10, 2020 achieves rough justice.

| **Name** | **Hourly rate** | **Hours recoverable** | **Total** |
|---|---|---|---|
| Walsh | $400 | 9.26 | $3,704.00 |
| Hoots | $150 | 14.92 | $2,238.00 |
| Walz | $300 | 2.84 | $852.00 |
| Barnett | $300 | .87 | $261.00 |
| Sanyal & Carey | $125 | 4.01 | $501.25 |
| **Total Fees** | | | **$7,556.25** |

---

[16] The Court notes that certain of the intra-office communications about which Defendant complains occurred in connection with the motion for attorneys' fees. (*See* Def.'s Mem. at 20 & n.10.) The hours spent on these conferences are being adjusted downward as part of the Court's 50% reduction in the hours spent on the motion, as set forth in Discussion Section II(B)(2)(b), *infra*.

[17] The Court has made adjustments in hourly rates as set forth in Discussion Section II(A), *supra*. In addition, the Court is not awarding fees for paralegal hours as to which SWL was seeking no compensation. (See SWL Reply Timesheets at 12.) These hours reflect time that SWL appropriately chose not to bill.

**b.      Work On And After 12/10/20**

Commencing on December 10, 2020, the work done by SWL timekeepers was in connection with the attorneys' fees motion that now is before the Court, including work done in preparing Plaintiffs' reply papers. (*See* SWL Reply Timesheets at 8-12.) In performing this work, Walsh billed 43.13 hours, Hoots billed 41.44 hours and Sanyal billed 2.43 hours. (*See id.*)

The Court finds that the hours billed by Walsh and Hoots in connection with the attorneys' fees motion were excessive. In *B.B. v. N.Y.C. Dep't of Educ.*, No. 17-CV-04255 (VEC) (SDA), 2018 WL 1229732 (S.D.N.Y. Mar. 8, 2018), Judge Caproni found that "a competent attorney should not have needed more than 40 hours to litigate [an IDEA] fee petition." *Id*. at *3. She stated: "The legal basis for fee petitions is well-plowed acreage, leaving the task of the attorney to marshal the facts to support the number of hours expended on the underlying matter." *Id*. In *S.J.*, this Court credited 56 hours of attorney time spent litigating the issue of attorneys' fees. *See S.J.*, 2020 WL 6151112, at *7.

After careful consideration of the record before the Court and applying the relevant legal standards, the Court finds that a 50% reduction in the hours billed by Walsh and Hoots in connection with the motion for attorneys' fees—thereby reducing their total hours to about 42 hours—achieves rough justice. Thus, the Court awards attorneys' fees to Plaintiffs' counsel for the hours billed on and after December 10, 2020, as set forth in the chart below:[18]

---

[18] The Court has made adjustments in hourly rates as set forth in Discussion Section II(A), *supra*.

| Name | Hourly rate | Hours recoverable | Total |
|---|---|---|---|
| Walsh | $400 | 21.57 (50% of 43.13) | $8,628.00 |
| Hoots (pre-2/18/21) | $150 | 16.21 (50% of 32.41) | $2,431.50 |
| Hoots (post-2/18/21) | $175 | 4.52 (50% of 9.03) | $791.00 |
| Sanyal | $125 | 2.43 | $303.75 |
| **Total Fees** | | | **$12,154.25** |

### C. Costs

"A district court may award reasonable costs to the prevailing party in IDEA cases." *C.D.*, 2018 WL 3769972, at *12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(I)). Although Plaintiffs' motion seeks "costs and disbursements" (*see* Pls.' Not. of Mot.), and their opening memorandum of law states that they should be awarded their reasonable costs and expenses (*see* Pls.' Mem. at 23), Plaintiffs have failed to submit to the Court any itemization of their costs. Thus, the Court is unable to award them at this time.

### CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for attorneys' fees (ECF No. 30) and awards to Plaintiffs attorneys' fees in the amount of $34,988.65. The parties shall appear for a remote telephonic conference on March 24, 2021 at 11:30 a.m. to address the remaining issues in this case. At the scheduled time, the parties shall call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

Dated:   New York, New York
         March 13, 2021

_____
**STEWART D. AARON**
**United States Magistrate Judge**