UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A.B. et al.,

                              Plaintiffs,

-against-

New York City Department Of Education,

                              Defendant.

1:20-cv-03129 (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court are two Letter Motions to seal filed by Plaintiffs. (Pls.' 1/15/21 Ltr. Mot., ECF No. 35; Pls.' 3/5/21 Ltr. Mot., ECF No. 44.) Plaintiffs seek to seal the following documents:

1. An unredacted version of the Affidavit of A.B. and S.V., Parents of G.B., which was filed at ECF No. 36. A redacted version of this document was publicly filed at ECF No. 32.

2. Unredacted versions of Exhibits A through I to Plaintiffs' memorandum of law in support of their motion for attorneys' fees, which were filed at ECF Nos. 37-1 through 37-9. Redacted versions of these documents were publicly filed at ECF Nos. 33-1 through 33-9.

3. An unredacted version of Exhibit C to Plaintiffs' reply memorandum of law in further support of Plaintiffs' motion for attorneys' fees, which was filed at ECF No. 45-1. A redacted version of this document was publicly filed at ECF No. 43-3.

In the redacted versions of each of these documents, Plaintiffs have removed their names.

Plaintiffs' motions are subject to the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). That test requires the Court to first determine whether the

documents at issue are "judicial documents" by examining whether they are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Erie Cnty.*, 763 F.3d 235, 239 (2d Cir. 2014). If the documents are judicial documents, then a common law presumption of access attaches, and the Court must then consider the weight of that presumption against any "competing considerations." *Lugosch*, 435 F.3d at 119-20.

The documents at issue, which were submitted in connection with Plaintiffs' motion for attorneys' fees, are judicial documents. *Cf. Lugosch*, 435 F.3d at 121 (concluding that documents submitted in connection with a motion for summary judgment are "judicial documents" in context of sealing request). Each of the documents is thus entitled to a strong presumption of access.

The Court nevertheless GRANTS the motion to seal these documents. Plaintiffs seek to redact only that identifying information that should not be publicly available under the confidentiality provisions of the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. § 1417(c) (requiring "the protection of the confidentiality of any personally identifiable data, information, and records collected or maintained by . . . State educational agencies and local educational agencies"). The public's interest in access to judicial proceedings will remain protected even if these documents are filed in redacted form. *See B.J.S. v. State Educ. Department/Univ. of the State of N.Y.*, No. 08-CV-00513 (LGF), 2010 WL 502796, at *4 (W.D.N.Y. Feb. 9, 2010) (redacting names of adult plaintiff and disabled child, suing under IDEA, to protect identity of child).

Thus, it is hereby ORDERED that Plaintiffs' Letter Motions to seal filed at ECF Nos. 35 and 44 are GRANTED.

**SO ORDERED.**

DATED:    New York, New York
         March 13, 2021

_____
STEWART D. AARON
United States Magistrate Judge